JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | CASE NUMBER |
|---|---|---|
| Inner Community Apt LLC | | |
| | | 2:23-CV-01893-CAS-KSx |
| v. | PLAINTIFF(S) | |
| Maria E. Grimaldo and | | **ORDER ON REQUEST TO PROCEED** |
| | | ***IN FORMA PAUPERIS*** |
| David Cisneros | DEFENDANT(S) | **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☒ The District Court lacks ☒ subject matter jurisdiction ☒ removal jurisdiction.

    ☒ The action is frivolous or malicious.

    ☐ The action fails to state a claim upon which relief may be granted.

    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| March 30, 2023 | *Christine a. Snyder* |
| Date | United States District Judge |

On December 20, 2022, plaintiff Inner Community APT LLC filed this unlawful detainer action against defendants Marie E. Grimaldo and David Cisneros in Los Angeles County Superior Court.  Dkt. 1.  Defendant Grimaldo removed the case to this Court on March 14, 2023.  Grimaldo appears to assert that this Court has jurisdiction on the basis of diversity jurisdiction.  Id.

It appears that this Court lacks subject matter jurisdiction over this action.  The law is clear that "[u]nlawful detainer actions are strictly within the province of state court."  Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").

Here, the only claim asserted by plaintiff is for unlawful detainer against defendants, and defendant's notice of removal does not allege that any relevant federal law "creates a private right of action and furnishes the substantive rules of decision."  Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 378 (2012); see Dkt. 1.  Moreover, defendant's notice of removal does not assert any basis for diversity jurisdiction.  Specifically, plaintiff's suit does not assert a matter in controversy exceeding the sum or value of $75,000 required for a federal court to exercise diversity jurisdiction.  Id.  Moreover, neither defendant's notice of removal nor plaintiff's state court proceedings establishes that the parties are diverse in citizenship.  Accordingly, the Court does not possess either federal question or diversity jurisdiction over this action.

*(attach additional pages if necessary)*